## Justice of the Peace of North Clairton Borough.

*Municipalities—Cities of the third class—Consolidation of boroughs—Justice of the peace—Public officers—Time—Acts of June 25, 1913, and May 27, 1919.*

1. Under the Act of June 25, 1913, P. L. 568, as amended by the Act of May 27, 1919, P. L. 310, where a city of the third class is formed by the consolidation of boroughs or townships, the constituent municipalities end their existence at midnight on the 31st day of December following the next general municipal election thereafter, and the new city thereupon begins to exist.

2. If a term of a justice of the peace for one of such boroughs ended on Dec. 31st at midnight, his election for the borough at the previous municipal election does not entitle him to a commission for the six years from Dec. 31st at midnight.

3. In such case, it cannot be claimed that the new city did not come into existence until the councils met at 10 o'clock A. M. on Jan. 1st, and that, therefore, the justice was actually in office before the borough ended its existence, and was entitled to hold over.

Attorney-General's Department. Opinion to Hon. Bernard J. Myers, Secretary of the Commonwealth.

McNess, Dep. Att'y-Gen., June 7, 1922.—The Attorney-General's Department has received your request for an opinion on the question of issuing a commission to S. Arthur Carrabotta as a justice of the peace for North Clairton Borough.

As we understand the facts, Clairton Borough, North Clairton Borough and Wilson Borough were chartered as a third class city by letters-patent dated Sept. 14, 1921.

The law requires that new officers shall be elected at the next municipal election following the creation of a third class city, and it provides, further, that persons holding the office of justice of the peace in any municipalities which have joined to make up the new city shall hold office until the expiration of their respective terms. In the case before us there were two justices of the peace in Clairton Borough whose terms of office extended for six years from the first Monday of January, 1920; there was one justice in Wilson Borough whose term of office extended six years from the first Monday of January, 1918, and one whose term of office extended six years from the first

Monday of January, 1920.  These men continue to hold office and no question has arisen concerning them.  In North Clairton Borough, however, both justices held office for a term of six years from the first Monday of January, 1916, which term expired at the last midnight preceding the first Monday of January, 1922.  At the municipal election held in the fall of 1921 the county commissioners certified two vacancies in the office of justice of the peace for North Clairton Borough, and, consequently, the names were placed upon the ballot and S. Arthur Carrabotta duly returned as elected to the office of justice of the peace.  The return board declared S. Arthur Carrabotta elected justice of the peace for the City of Clairton, which was obviously an error, as the City of Clairton was not entitled to the election of any justice of the peace.  This was later corrected and an effort has been made to secure a commission for Mr. Carrabotta from the Secretary of the Commonwealth as a justice of the peace for North Clairton Borough.

The real question, therefore, apparently is whether or not North Clairton Borough existed for any period of time during which Mr. Carrabotta was entitled to act as a justice of the peace therein.  If it did, Mr. Carrabotta would continue to act for the six-year term for which he was elected.  The law affecting the change from separate boroughs or townships to third class cities provides in part as follows:

"All of the property and estates whatsoever, real and personal, of the towns, townships or boroughs, which shall have thus become a city of the third class, are hereby severally and respectively vested in the corporation or body politic of said city, by the name, style and title given thereto as aforesaid, and for the use and benefit of the citizens thereof forever; and the charters of the said towns, townships or boroughs shall continue in full force and operation, and all officers under the same shall hold their respective offices until the first Monday of January following the general municipal election next succeeding the issuing of the letters-patent to the said city, at which time the officers of the said city chosen at the preceding municipal election shall enter upon their respective terms of service, and the city government shall be duly organized under this act: . . ." Act of June 25, 1913, art. I, § 3, P. L. 568; Amendment of May 27, 1919, P. L. 310.

If North Clairton Borough actually ceased to exist at 12 o'clock midnight Dec. 31, 1921, which was coincident with the beginning of the right of Mr. Carrabotta to serve as a justice of the peace, then it would seem that he never had, even for a moment, actual title to the office, and if such is the case, of course, he would not be entitled to serve the full six-year term.  It is urged by Mr. Carrabotta that the City of Clairton did not come into existence until 10 o'clock A. M., Jan. 1, 1922.  If such is the case, it may be argued that North Clairton Borough continued to exist until that time, and that the claimant here was entitled to act as a justice of the peace therein from 12 o'clock midnight of Dec. 31, 1921, to 10 o'clock A. M., Jan. 1, 1922.  We cannot agree with the claimant's contention in this matter.

The actual time of the organization of the councils could not determine the actual time of the creation of a city of the third class.  If such were the case and it became necessary, for some reason, to adjourn the organization meeting, then the city could not come into existence until the time of the actual organization of council.  When the law says that the old officers shall hold their respective offices until the first Monday of January, it surely did not contemplate that there would be an interregnum between midnight and the time of organization of councils, during which no responsible government would exist.

2 D. & C.

Justice of the Peace of North Clairton Borough.

Where by general law or by express statute itself, if it is to take effect upon a fixed future time, it will take effect from the first moment of the day named. And so, in this case, we are of the opinion that the City of Clairton began its existence at the first moment of the first Monday of January, 1922. Certainly it began at the same time the title of former officers ended. It is a familiar principle that the law does not regard fractions of a day, and, therefore, where a term extends to Jan. 1st and a new situation begins Jan. 1st, the law would not recognize any intervening period.

We have come to this conclusion with reluctance, as we understand that Mr. Carrabotta has gone to considerable expense in equipping an office, as well as expense of time and money in securing the election. We are unable to see, however, how we can come to any other conclusion under the law.

We, therefore, advise that, in our opinion, it would not be legal to issue a commission to S. Arthur Carrabotta as justice of the peace for North Clairton Borough. From Guy H. Davies, Harrisburg, Pa.